IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 14-1362-JAS (LAB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Stephen Edward Smith, | |
| Defendant. | |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant's motion to sever. (Doc. 146)  The defendant, Stephen Smith, explains that although the four co-defendants were properly joined in the 65 count superceding indictment under Rule 8(b), F.R.Crim.P., pursuant to Rule 14, his trial must now be severed from the trial of the co-defendant Peter Plesinger because Smith accompanied Plesinger to a meeting with Plesinger's attorney where "defense strategy and matters relating to the defendant's representation were discussed." Smith's defense counsel was not present at the meeting, and he is concerned that his client divulged critical defense strategy to Plesinger's attorney that could be used strategically to benefit Plesinger and prejudice Smith.

The government agrees that it is inappropriate for a lawyer to meet with a represented defendant without his counsel of record present. (Doc. 164) However, it opposes severance, arguing that there is no showing that a disqualifying conflict exists because there is no evidence that confidential information was shared. This is especially true in light of Ex.2

(Doc. 146), an email wherein Plesinger's attorney avows that there was no discussion about "the facts of the case or any possible defenses."[1]

A hearing was held on 3/24/16. Neither party called witnesses or presented evidence. Counsel waived Smith's presence at the hearing.

**Charges:**

The defendant, and three co-defendants, were charged on 3/19/15 in a 65 count superceding indictment with exportation of munitions, conspiracy to export munitions, dealing in firearms without a license, money laundering, and other related charges, all in violation of various sections of Titles 22 and 18 of the United States Code. (Doc. 36) Defendant Smith is charged in Counts 1-12, 28-32, and 37-55.

**Motion to Sever:**

The defendant, Stephen Smith, claims that he disclosed attorney-client privileged communications to the co-defendant Plesinger's attorney. Furthermore, Plesinger participated in a free talk with the government wherein he implicated himself and Smith in criminal conduct. Smith argues that Plesinger's incriminating statements have created antagonistic defenses, and it is impossible to try Smith and Plesinger together fairly.

The Court finds that although it is inappropriate for an attorney to meet with a represented defendant without his counsel being present there is nothing to indicate that Smith has been prejudiced, or will be prejudiced at trial, because of this particular meeting. The attorney, as an officer of the Court, has avowed that there was no discussion about the facts of the case or potential defenses. The court finds no reason to doubt this assertion. Smith, on the other hand, is unable to identify any disqualifying conflict or any prejudice

---

[1] Plesinger's attorney stated during the motion hearing that he only advised Smith that the charges are serious and that Smith should speak with his own counsel about arranging a joint defense meeting. The attorney did not want to speak about the case with Smith present because he did not want to waive Plesinger's attorney-client privilege. Plesinger's attorney further related that Smith wanted to hire him in place of Smith's present counsel, but he explained that he could not represent two co-defendants because that would create a conflict of interest.

resulting from the meeting. The court concludes there is no serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. The motion to sever defendants should be DENIED.

**DISCUSSION**:

Rule 8(b), F.R.Crim.P., provides for joinder of defendants in a single indictment unless the joinder is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy...." *U.S. v. Doe*, 655 F.2d 920, 926 (9th Cir. 1981) (quoting *U.S. v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). Rule 14(a), F.R.Crim.P., allows the court to sever defendants for trial if joinder prejudices a defendant or the government. Severance should only be granted if there is a serious risk that a joint trial would compromise a defendant's specific trial right or if a joint trial would prevent the jury from making a reliable judgment about guilt or innocence. *Runningeagle v. Ryan*, 686 F.3d 758, 776 (9th Cir. 2012) (quoting *Zafiro v. U.S.*, 506 U.S. 534, 538-39 (1993), *cert. denied*, 133 S.Ct. 2766 (2012)). "[D]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. U.S.*, 506 U.S. at 540.

The defendant argues that because he revealed defense strategy and matters relating to his representation to the co-defendant Plesinger's attorney, without the presence of Smith's attorney, there is a disqualifying conflict that requires Smith's trial be severed from Plesinger's trial, pursuant to the Sixth Amendment. He cites *U.S. v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000), to support his argument. That case, however, addressed the issue of defense counsel's disqualification, not severance of defendants.

Smith attempted to bolster his argument for severance by raising in his response (Doc. 169) and in his supplement (Doc. 176) Plesinger's free talk, which he gave to the government on 8/20/14, prior to Smith's meeting with Plesinger and his attorney on 12/1/15. In the free talk, Plesinger implicated Smith and stated that he and Smith were complicit in providing silencers to a third party. Smith characterizes this information as creating antagonistic defenses.

1     "To be entitled to severance on the basis of mutually antagonistic defenses, a
2 defendant must show that the core of the co-defendant's defense is so irreconcilable with the
3 core of his own defense that the acceptance of the co-defendant's theory by the jury
4 precludes acquittal of the defendant. *U.S. v. Rashkovski*, 301 F.3d 1133, 1138 (9th Cir. 2002)
5 (quoting *U.S. v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). In the case at bar,
6 however, there is no indication that the defendants will present mutually antagonistic
7 defenses. Plesinger's statements during the free talk do not create a defense that would
8 preclude acquittal of Smith. As Smith concedes in his motion, severance is not required
9 simply because co-defendants have conflicting defenses. *Zafiro v. U.S.*, *supra*.

10     The government argues that joinder is preferred. At the hearing, it argued that there
11 is no conflict between the defendants' defenses. Both defendants argue that they are
12 innocent and committed no offense by shipping weapons. The government concedes that it
13 will have to address a *Bruton* issue prior to trial in order to avoid a severance. It also
14 acknowledges that it could use the free talk only against Plesinger and only if he testifies at
15 trial. It does not intend to call Plesinger as a witness. It has independent evidence that it will
16 introduce at trial. The government argued that severance should be denied because there is
17 no prejudice to the defendant, and for the purpose of judicial economy. It expects the trial
18 to last two weeks. It will bring four witnesses from Hong Kong. It explained that limiting
19 jury instructions could be used to mitigate any potential prejudice.

20     ***Conclusion***:

21     In the present case, the defendant has not carried his heavy burden of showing that a
22 joint trial would compromise a specific trial right or that the jury would be prevented from
23 making a reliable judgment about guilt or innocence. *U.S. v. Doe*, 655 F.2d at 926. He has
24 not identified any prejudice that he would suffer from a joint trial. The trial will be fairly
25 lengthy with four witnesses from Hong Kong being transported to the United States to testify.
26 There is no evidence that the co-defendant Plesinger's attorney has a conflict of interest that
27 would disqualify him from representing a defendant in this case, and even had that been
28

1 shown, severance would not be the appropriate remedy.

2 Joint trials are the rule rather than the exception. *U.S. v. Cruz*, 536 F.2d 1264, 1267 (9th Cir. 1976). When co-defendants are charged with conspiracy, the Ninth Circuit has made clear that a joint trial is particularly appropriate because the concern for judicial efficiency is less likely to be outweighed by possible prejudice when much of the same evidence would be admissible against each defendant in separate trials. *U.S. v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004). The defendants are properly joined.

**RECOMMENDATION:**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court **DENY** the motion to sever. (Doc. 146).

Pursuant to 28 U.S.C. § 636(b)(1)(B), defense counsel may serve and file written objections to these findings and recommendations with the District Court within 14 days. Thereafter, the government has ten (10) days within which to file a response to the objections. If objections are not timely filed, the party's right to de novo review may be waived. No reply shall be filed unless leave is granted from the District Court.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

DATED this 31st day of March, 2016.

.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge